FILED

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION    03 JAN -7 PM 12: 55

U.S. DISTRICT COURT
N.D. OF ALABAMA

```
MCWANE CAST IRON PIPE COMPANY }
                              }
        Plaintiff,            }
                              }
v.                            }    CV 00-AR-1414-S
                              }
LARRY DORMAN, INC.,           }
                              }
        Defendant.            }
------------------------------
                              }
LARRY DORMAN, INC.,           }
                              }
        Plaintiff and         }
        Counterclaim-         }
        defendant,            }
                              }
v.                            }    CV 01-AR-0784-S
                              }
MCWANE CAST IRON PIPE COMPANY,}    CONSOLIDATED
                              }
        Defendant and         }
        Counterclaimant.      }
```

Re-ENTERED JAN 7 2003

## MEMORANDUM OPINION

Before the court is the motion of McWane Cast Iron Pipe Company ("McWane"), for summary judgment. The above designated two consolidated actions involve a contract dispute over the sale of pipe. McWane filed CV-00-AR-1414-S in this court on May 25, 2000, against Larry Dorman, Inc., ("Dorman"), a Texas corporation, seeking damages in connection with pipe supplied by McWane to Dorman for which McWane had not been paid. Unbeknownst to McWane, Dorman had already instituted its own action against McWane in a state court in Harrison County, Texas, on May 1,

52

2000.  Before McWane could remove the Texas case to the federal court, Dorman added Bill Franklin ("Franklin"), a Texas resident, as a defendant.  McWane nevertheless removed the case to the United States District Court for the Eastern District of Texas, alleging, as it must, that Franklin had been fraudulently joined for the purpose of destroying diversity.  Dorman filed a motion to remand, and McWane filed a compulsory counterclaim plus a motion to transfer the Texas action to this court on the basis of a forum selection clause.  Dorman's motion to remand was denied, and McWane's motion to transfer was granted.  The two cases were consolidated in this court.  The former Texas case is now CV-00-AR-0784-S in this court.

At the time the Texas action was transferred to this court, McWane, had a motion for summary judgment already pending.  By this court's order of June 22, 2001, McWane's said motion for summary judgment came under submission on August 7, 2001.  The case was recently reassigned to the undersigned.  The court held a status and scheduling conference on January 3, 2003.

### Skeletal Facts

This action is a contract dispute over allegedly defective pipe manufactured and supplied by McWane to Dorman for a water improvement project for the City of Marshall, Texas.  Dorman claims that after the pipe was installed and pressurized some of it was defective and failed to meet contract specifications.

2

Dorman further claims that the defects were not consistent, but rather varied from one allegedly defective pipe to another. Dorman claims that it incurred expense to test, locate, and uncover the defective pipe after its installation. Dorman contends that Franklin knew that Dorman intended to make its bid to the City of Marshall on January 19, 1999. Franklin faxed McWane's bid on the pipe to Dorman on January 18, 1999, consisting of three pages. Included in the fax were two pages listing bid items, prices and specifications, and a page listing terms and conditions including price, payment, and shipping information. Based on McWane's bid, Dorman made its bid to construct the water line for the City. Dorman contends that the parties agreed to the material terms of their contract on January 18, 1999. On January 26, 1999, McWane submitted a notarized "General Certification" stating that the pipe furnished had been or would be inspected and tested to meet ANSI and AWWA specifications. Dorman contends that it relied on McWane's certification to its detriment, and that it only later learned that the pipe had not been inspected. According to Dorman, on January 28, 1999, McWane submitted to it a "Customer Credit Application Form" that contained additional terms and conditions apart from those previously agreed to by the parties. Dorman argues that it was forced to purchase the pipe at this time because of its obligations to the City. McWane faxed a

confirmation quote to Dorman on February 5, 1999, that did not contain the additional "terms and conditions."  Dorman signed the said sales order as a confirmation on February 23, 1999.  The construction project began sometime around the first week of March, 1999.  During the course of the project, McWane ran out of the pipe that Dorman had ordered.  As a substitute McWane provided Dorman with another similar pipe.  After the installation was complete and the pipe was tested, Dorman discovered at least five joints that did not meet the contract specifications as represented by McWane.  Dorman contends that the pipe was also defective in that it had mold scars where the gasket seals, spigots that were undersized and wouldn't seal, joints with pits, joints missing the asphalt coating, and joints where the interior lining was cracked.

On May 26, 1999, McWane agreed to pay Dorman $5,000 toward the testing of the first section of pipe.  McWane paid for the removal and replacement of the first and second sections of alleged defective pipe, but disputes that the pipe was defective and claims that Dorman is liable for the cost of pipe and the expenses associated with its replacement.

Although the court believes that McWane has the better of the argument on the evidence revealed thus far, it has not met its burden under Rule 56 of eliminating all disputes of material fact.  In particular, it has failed to quantify its damages, so

that only a partial summary judgment on the issue of liability could be entered even if there were found to be breach of contract by Dorman as a matter of law.  Having been requested by McWane to do so, the court will by separate order enter the finding necessary for it to take an interlocutory appeal.  The court will, however, deny McWane's motion for summary judgment.

DONE this ___7th___ day of January, 2003.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

5